UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIFFANY NICOLE LESTER                                                                    Plaintiff

v.                                                                Civil Action No. 3:24-cv-721-RGJ

LOUISVILLE/JEFFERSON METRO                                                         Defendants
GOVERNMENT, et al.,

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Defendants Louisville/Jefferson Country Metro Government ("Metro"), Officer Jason Shular ("Shular") and Officer Mark Aubrey ("Aubrey") (collectively "Defendants") in their official capacities, move to dismiss the Complaint [DE 1] of *pro se* Plaintiff, Tiffany Nicole Lester ("Lester"), pursuant to Fed. R. Civ. P. 12(b)(6). [DE 4]. Lester responded [DE 8], and Defendants replied. [DE 10]. This motion is ripe. For the reasons set forth below, Defendants Motion to Dismiss [DE 4] is **GRANTED**.

   **I.     Factual and Procedural Background[1]**

Originally filed in Jefferson County Circuit Court, Lester alleges in her complaint that on June 8, 2024, Officer Shular and Officer Aubrey entered her home "for a routine search" and found two handguns. [DE 1-2 at 7-8]. At that time, Lester "was outside" and was "called in by officers." [*Id*.]. She was asked who the handguns belonged to, and after stating she did not know, she was arrested. [*Id.*]. Lester alleges that upon arriving at Louisville Metro Detention Center ("LMDC"), one of the officers told her that "he believed [Lester] had no knowledge of the guns but he had to

---

[1] The Court accepts facts in the operative Complaint as true for the present Motion. When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).

arrest [Lester] because [Lester] was the adult in the household." [*Id.*]. Lester alleges that Metro which "oversees" the Home Incarceration Program ("HIP")[2] where "Officer Schular [sic] and Officer Aubrey work. . . are in violation of my 4th Amendment right, by having no probable cause for my warrantless arrest." [*Id.* at 9]. Lester alleges that she had "no dominion or control over the handguns and there was nothing indicating I could have gotten to the handguns." [*Id.*]. Lester's complaint asks the Court to enter judgement declaring that the acts of the Defendants violated her Fourth Amendment rights and order general and punitive damages. [*Id.*].

Defendants then removed this matter from Jefferson Circuit Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331. [DE 1-1 at 1]. Defendants state that removal is proper as this Court has original jurisdiction and because Jefferson Circuit Court is located with the Western District of Kentucky. [*Id.*]. And lastly, written notice of removal was properly served on Plaintiff and filed with Jefferson Circuit Court. [*Id.*]. The Court finds that this case was properly removed and has jurisdiction to adjudicate the matter.

## II.     Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).  "But the district court

---

[2] H.I.P. is the Louisville Metro Government "Home Incarceration Program." *See* LOUISVILLE KY, *Home Incarceration Program*, https://louisvilleky.gov/government/corrections/home-incarceration-program(last visited Sep. 9, 2025).

need not accept a bare assertion of legal conclusions." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 Fed. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 Fed. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to

construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Children*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

### III. Discussion

#### A. Official Capacity Claims

Lester is suing Louisville/Jefferson County Correction Officers Shuler & Aubrey in their official capacity. Shuler and Aubrey assert that the official capacity claims against them must be dismissed because they are duplicative of Lester's claims against Metro. [DE 4-1 at 32]. "[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The named Defendants are employees of Metro and are therefore state employees. States, state agencies, and state employees sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Lester seeks damages from the state employees in their official capacities, she fails to allege any cognizable claim under § 1983. Further, the Eleventh Amendment acts as a bar to claims for damages against a state, its agencies, and state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169.

Additionally, the official capacity claims appear to be abandoned as Lester does not respond to Defendants' arguments in her Response. *See Mcilwain v. Berry*, 2025 WL 2200747, at *12 (W.D. Ky. Aug. 1, 2025) (holding that if the plaintiff fails to respond to certain arguments, the Court may deem the argument conceded and dismiss the allegations). Thus, Plaintiffs' official-

4

capacity claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief. The only remaining claim is against Metro for potential *Monell* liability.

### B. *Monell* Liability

#### i. Standard

Metro argues that all of Plaintiff's claims against it must be dismissed. [DE 4-1 at 28–31]. A plaintiff asserting a municipal liability claim under § 1983 must allege that the federal violation occurred because of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). To properly assert a municipal liability claim, a plaintiff must sufficiently allege: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision[-]making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell,* 436 U.S. at 694.

To state a § 1983 claim based on a municipal policy or custom, plaintiffs must "identify the policy, connect the policy to [Metro] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation omitted). A plaintiff generally has four ways to demonstrate an unlawful policy or custom: "[t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (quoting *Thomas v. City of*

*Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). "Even after showing an unlawful policy or custom, a plaintiff must also demonstrate a direct causal link between the policy and the alleged constitutional violation in order to show that the municipality's deliberate conduct can be deemed the moving force behind the violation." *Jones v. Louisville/Jefferson Cnty. Metro Gov't*, 482 F. Supp. 3d 584, 597 (W.D. Ky. 2020) (quoting *Spears*, 589 F.3d 249 at 256) (cleaned up). "[P]roof merely that such a policy or custom was 'likely' to cause a particular violation is not sufficient; there must be proven at least an 'affirmative link' between policy or custom and violation; in tort principle terms, the causal connection must be 'proximate,' not merely 'but-for' causation-in-fact." *Mann v. Helmig*, 289 F. App'x 845, 850 (6th Cir. 2008) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1388 (4th Cir. 1987)). At the motion to dismiss stage, it is sufficient for a plaintiff to plausibly allege an unlawful policy or custom and a direct causal link to the harm. *Daugherty v. Louisville-Jefferson Cnty. Metro Gov't*, 495 F. Supp. 3d 513, 524 (W.D. Ky. 2020).

    *ii.* Analysis

Defendants assert that the Complaint has not provided any "evidence of widespread and continuing policy or custom that caused the injuries about which Plaintiff complains." [DE 4-1 at 31]. And that the Complaint has "only described a single incident that [Lester] claims amounts to misconduct; [Lester] does not claim to have knowledge or reason to suspect any policy or widespread custom that caused her alleged injury." [*Id.*].

Read broadly, it is plausible that the alleged policy Lester is asserting liability is that the officers had to "arrest" the "adult in the household" after a search even though the officers had "no probable cause." [DE 1-2 at 8]. However, Lester's response states that the "custom or policy that was the moving force behind the constitutional violation is the practice of H.I.P. officers to let others who do not live in the resident to leave while a search is being conducted." [DE 8 at 46].

She further states that "at a preliminary hearing. . . Officer Jessie, the H.I.P. court liaison testified that this was the practice of H.I.P. Officers." [*Id.* at 47]. Therefore, Lester alleges, that "the 2 males would have been suspects and detained[] instead of [Lester]." [*Id.* at 48].

Typically, the Court will not consider new allegations or legal theories in a response. *See Tucker v. Union of Needletrades, Indus., Textile Emps.,* 407 F.3d 784, 788 (6th Cir. 2005); *Perry v. Norton Hosp., Inc.* 2023 WL 2755306, at *14 (W.D. Ky. Mar. 31, 2023) (applying the same in a motion for summary judgment). And, as stated, even though the Court will treat a *pro se* plaintiff more liberally, it does not ordinarily relieve their requirement to follow the Federal Rules of Civil Procedure and provide fair notice to the Defendants. *Cabinet for Families & Children*, 2007 WL 2462184, at *4. Otherwise, Lester's response does not respond to any of the legal theories asserted by Defendants. But out of leniency for the *pro se* pleading, the Court will still address Lester's assertions referenced in her Response.

To survive the motion to dismiss standard under *Monell*, Lester must not only identify the policy but "connect the policy" and "show that the particular injury was incurred because of the execution of that policy." *Garner*, 8 F.3d 358, 364. That is, the plaintiff must demonstrate the "direct causal link between the policy and the alleged constitutional violation in order to show that the municipality's deliberate conduct can be deemed the moving force behind the violation." *Jones*, 482 F. Supp. 3d at 597 (quoting *Spears*, 589 F.3d 249 at 256).

Lester's Complaint fails to make this link. Outside of those statements, Lester does not allege any other policy, nor demonstrate how any other policy was the "moving force" in the alleged violation. *Id.*  Additionally, Lester alleges that Metro "who oversees" the actions by the officers, violated her Fourth Amendment rights by having no "probable cause for my warrantless arrest." [DE 1-2 at 9]. This allegation is more akin to suing the municipality for actions of

individual officers, rather than any policy or custom, which *Monell* strictly forbids. *Monell,* 436 U.S. at 694. And although evidence is not necessary as this stage,[3] the Court still finds that Lester's Complaint does not state a claim for relief for any *Monell* liability based upon the above stated standard. *Fuller v. Louisville Metro Gov't*, 2018 WL 3058883, at *4 (W.D. Ky. June 20, 2018) (holding that without sufficient allegations describing a municipal policy, and its direct relation to the alleged violation, the claim is "insufficient to state a claim for municipal liability").  Further, Lester does not plead any "direct causal link between the policy and the alleged constitutional violation." *Jones*, 482 F. Supp. 3d at 597 (quoting *Spears*, 589 F.3d 249 at 256). And Lester has only stated a single incident, and without more, that is typically not enough to impose *Monell* liability either. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985); *Fuller*, 2018 WL 3058883, at *4. Although *pro se* plaintiffs are held to a less stringent standard, that "does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Cabinet for Families & Children,* 2007 WL 2462184, at *4.

   Lester's Response fails as well. Lester does not necessarily demonstrate how her alleged policy is unconstitutional or illegal. Even if taken as true, Lester appears to be alleging that the "2 males" should "have been suspects and detained" instead of her. But "there are no civil remedies for [] alleged criminal violations" of others. *Gaines v. Hagerty*, 2023 WL 2776065, at *4 (W.D. Ky. Apr. 4, 2023). The Supreme Court has held that these types of claims are insufficient to rise to any constitutional violation. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that

---

[3] Defendants asserted that plaintiff did not provide any "evidence" of any policy [4-1 at 31], but as stated, the Court accepts facts in the operative Complaint as true for the present Motion. *Total Benefits Planning Agency, Inc.*  552 F.3d at 434.

private citizens do not have a "judicially cognizable interest in the prosecution or nonprosecution of another.") Therefore, the Court will grant the Defendants' motion to dismiss against all parties.

### IV. Conclusion

For the reasons stated above, the Court **ORDERS** that Defendants' motion to dismiss for failure to state a claim [DE 4] is **GRANTED** and the case is **DISMISSED**. The Court will enter separate judgment.

Rebecca Grady Jennings, District Judge
United States District Court

September 15, 2025